# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JACOB W.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> LELAND DUDEK, <br> Acting Commissioner of Social Security, <br><br> Defendant. | No. 24-CV-16-CJW-KEM <br><br><br> **ORDER** |

_____

## I.    INTRODUCTION

This case is before the Court on a February 27, 2025 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge.  (Doc. 12).  Judge Mahoney recommends that the Court reverse and remand the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Jacob W.'s ("Claimant") application for disability insurance benefits ("DIB") under Title II, and supplemental security income ("SSI") under Title XVI, of the Social Security Act, 42 United States Code, Sections 401–434, 1381-1383f.  Neither party has objected to the R&R.  The deadline for such objections has expired.  For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 12) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [Administrative Law Judge], but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). As noted, however, the Court does not "reweigh the evidence presented

to the [Administrative Law Judge]," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), nor does it "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the pertinent facts and procedural history of this case. (Doc. 12, at 1-4). In short, claimant worked for years as a pharmacy technician before he stopped working due to a number of physical and mental impairments. Claimant applied for social security benefits in 2021, alleging an onset of disability since January 10, 2017. (*Id.*, at 1-2). The Commissioner denied him benefits and he sought review by an Administrative Law Judge ("ALJ"). (*Id.*, at 2). The ALJ found claimant suffered from severe impairments of asthma, bipolar disorder (type 1), and anxiety disorder. (*Id.*, at 3). The ALJ recognized claimant suffered from other impairments, but determined they were nonsevere. (*Id.*). Despite his severe impairments, the ALJ found claimant could still perform work at all exertional levels with certain non-exertional limitations. Because of

those non-exertional limitations, the ALJ found claimant could not perform his past work as a pharmacy technician. (*Id.*). The ALJ found, however, that claimant had the capacity to work other jobs and therefore concluded claimant was not disabled. (*Id.*).

## IV. DISCUSSION

Claimant argued that the ALJ erred by (1) failing to consider the limiting effects of his severe and nonsevere impairments in combination; (2) finding claimant retained the residual functional capacity ("RFC") to perform work at all exertional levels; and (3) failing to develop the record. (*Id.*, at 4).

As to the first claim, Judge Mahoney recommended the Court reject claimant's argument, finding it conclusory and inconsistent with the record. (*Id.*). The Court agrees with Judge Mahoney. Claimant fails to explain how the ALJ allegedly failed to consider the combined effect of claimant's limitations and, to the contrary, the record shows the ALJ did so.

As for claimant's second claim, he asserts the ALJ improperly weighed the opinion of claimant's treating psychiatrist and thus the RFC is unsupported. (*Id.*, at 5-6). Judge Mahoney rejected this argument as well, finding the record shows that the ALJ fully considered the psychiatrist's opinion, found it largely based on claimant's subjective complaints, found it inconsistent with the psychiatrist's own treatment records, found it relied on treatment predating the alleged onset of disability, and found the opinion was inconsistent with claimant's reported activities. (*Id.*, at 7-9). The Court agrees. Upon review of the record, the Court agrees with Judge Mahoney that the ALJ's opinion is fully supported. The question here is not whether another ALJ or this Court could reach a different conclusion from the record. The question is whether substantial evidence in the record supports the ALJ's decision. Here, it does.

Last, claimant argues that the ALJ failed to fully develop the record, particularly with regard to the ALJ discounting the claimant's psychiatrist's opinion without obtaining additional opinion evidence to support the RFC determination. Judge Mahoney found

5

the record was not adequately developed, particularly with regard to limitations the ALJ included in the RFC determination, stating: "Here, it is not clear from the ALJ's opinion why he limited the *quantity* of [claimant]'s interactions (only occasional) but not the *quality* of [claimant]'s interactions (to superficial interactions, for example)." (*Id.*, at 11) (emphases in original). Judge Mahoney noted that the ALJ considered another consulting physician's opinion, but in doing so noted that the opinion was "somewhat vague" and "unclear." (*Id.*, at 10-11). Rather than develop the record to remove the uncertainty, the ALJ instead adopted an RFC that was not fully supported by the record as to claimant's social-interaction limitations. (*Id.*, at 12). As Judge Mahoney explained: "In sum, the ALJ's decision does not rely on some medical evidence about [claimant]'s ability to interact with others, the limitation does not appear to be otherwise supported by the record, and the ALJ failed to provide adequate explanation to enable this court to fully review the decision." (*Id.*, at 13). The Court agrees.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 12) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Mahoney's recommendation, the Commissioner's determination is **reversed** and this matter is **remanded** for further proceedings consistent with this order and Judge Mahoney's R&R.

**IT IS SO ORDERED** this 19th day of March, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa